IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| JESSICA FRIERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 3:02-CV-2340-H |
| | * | |
| CITY OF TERRELL, and ALEJANDRO SUAREZ, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the parties' Joint Objections to Designated Deposition Excerpts, filed November 29, 2004; Plaintiff's Supplemental Designation of Witnesses, filed November 22, 2004; Plaintiff's Motion for Leave to File Supplemental and Second Supplemental Designation of Witnesses, Supplemental Exhibit List, and Amended Designation of Deposition Excerpts, filed November 30, 2004 ("Motion for Leave"); Defendant City of Terrell's Response to Plaintiff's Motion for Leave, filed December 20, 2004; and Defendant City of Terrell's Motion to Strike Plaintiff's Undesignated and Untimely Witnesses, filed April 19, 2005. On April 15, 2005, the Court directed the parties to file, no later than noon April 19, 2005, their respective reports listing witnesses whose testimony will be live and those whose testimony will be by deposition only. (Order, entered April 15, 2005, ("April 15 Order").)

**I.    Designated Deposition Excerpts**

The parties have designated deposition excerpts for and indicated that live, in-court testimony will be elicited from the following witnesses:

Joel Blair;          Joe Hobbs;          Richard A. Peavy;          Richard L. Shing;

Jessica Frierson; Carol Holland; Gordon C. Pierce; and Mike Shewmake. (Pl.'s Designation of Dep. Excerpts, filed Nov. 15, 2004; Def. Suarez's Designation of Dep. Excerpts, filed Feb. 20, 2004; Pl.'s Mot. for Leave, filed Nov. 30, 2004; Pl.'s Designation of Witnesses, filed April 17, 2005; Def. Suarez's Designation of Witnesses, filed April 19, 2005; Def. COT's Designation of Witnesses, filed April 19, 2005.) Because the aforementioned witnesses will be testifying live, the Court finds it unnecessary to rule on the objections to designated deposition excerpts. Of course use of the depositions will be governed by Rule 32. *See* FED. R. CIV. P. 32. Likewise, because the additional deposition excerpts requested in Plaintiff's Motion for Leave are from the same witnesses identified as ones who will be testifying live, (Pl.'s Designation of Dep. Excerpts, filed Nov. 15, 2004; Pl.'s Mot., filed Nov. 30, 2004 (Pl.'s proposed Am. Designation of Dep. Excerpts)), the Court **DENIES** as **MOOT** Plaintiff's Motion for Leave as it pertains to her amended designation of deposition excerpts.

II.     **Defendant City of Terrell's Motion to Strike**

Defendant City of Terrell ("COT") seeks to strike certain witnesses from Plaintiff's response to the April 15 Order.[1] Most of those same witnesses are, however, listed in each of Defendants' respective responses to the April 15 Order. The only witness listed on Plaintiff's response to the April 15 Order who is not also listed in the Defendants' responses is Jamie Havlik Morgan. Accordingly, COT's Motion is **DENIED** as to all witnesses listed on Plaintiff's response to the Court's April 15 Order, except Jamie Havlik Morgan. *See infra* at III.

---

[1] COT asks the Court to strike Donne Ballew, Lawrence Crabb, Patrick W. Dewberry, Jim Donaldson, Forrest Edward, Carol Holland, Steven W. Johns, Jamie Havlik Morgan, Corey (Cory) Morrison, Nathan Mumphrey, and Arley Sansom. (Def. COT's Mot. at 2)
Although COT's Response to Plaintiff's Motion for Leave also objects to the "addition" of Lance Haley, Jr. ("Haley") and Mike Womack ("Womack"), Plaintiff identified Haley and Womack in her initial and timely Designation of Witnesses, filed November 15, 2004. (Pl.'s Designation of Witnesses at 2, 4.). The Court notes that Plaintiff has omitted Womack from her response to the Court's April 15 Order, and has therefore withdrawn Womack as a witnesses

III.     **Plaintiff's Supplemental Designation of Witnesses and Exhibits**

The Court's Second Amended Scheduling Order, entered May 4, 2004, directed the parties, pursuant to Local Rule 26.2, to designate witnesses, exchange exhibit lists, and designate deposition excerpts no later than November 15, 2004. Plaintiff requests leave to filed her supplemental designation of witnesses, supplemental exhibit list, and amended designation of deposition excerpts outside the deadline set in the Court's Second Amended Scheduling Order. In so doing Plaintiff is effectively requesting a modification of the "times for disclosures under Rule 26(a)." Fed. R. Civ. P. 16(b)(4)

The standard of review under Rule 16(b) is "good cause." *See S&W Enter., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (ruling on a motion to amend pleadings filed outside of the time limits set in scheduling order). "Good cause" is determined by considering "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*.

The Court's April 15 Order was entered to enable the Court to rule on the parties' Joint Objections to Designated Deposition Excerpts. The April 15 Order was not intended as an amendment to the Court's Second Amended Scheduling Order. In neither her (1) response to the April 15 Order; (2) Supplemental Designation of Witnesses, filed November 22, 2004; or (3) Motion for Leave, filed November 30, 2004, does Plaintiff argue or show that she has met the "good cause" standard to amend the court's scheduling order and allow her to include Jamie Havlik Morgan as a witness. Plaintiff has also failed to show "good cause" as to her proposed exhibits numbered 50, 51, and 52. The Court does not find "good cause" to modify the times for Plaintiff's Rule 26(a) disclosures. Accordingly, the Court hereby **STRIKES** Jamie Havlik Morgan from Plaintiff's

Designation of Witnesses, filed April 17, 2005.

Plaintiff's Supplemental Designation of Witnesses, filed November 22, 2004, and Plaintiff's Motion for Leave, filed November 30, 2004, both listed Weyland Talafuse ("Talafuse") and John Allen Hoskins ("Hoskins") as additional witnesses. Fatally, Plaintiff did not list Talafuse or Hoskins in her response to the Court's April 15 Order. The Court construes Plaintiff's omission as a withdrawal of her motion to add Talafuse and Hoskins as supplemental witnesses. Accordingly, Plaintiff's Motion for Leave, as it pertains to the addition of Weyland Talafuse and John Allen Hoskins is **DENIED** as **MOOT**. Plaintiff's Motion for Leave, as it pertains to her proposed exhibits numbered 50, 51, and 52 is **DENIED**.

IV.    **Conclusion**

With respect to the Parties' Objections to Designated Deposition Excerpts, the Court finds that ruling on the objections is unnecessary because the witnesses will provide live, in-court testimony. Defendant City of Terrell's Motion to Strike Plaintiff's Witnesses is **GRANTED** only as to Jamie Havlik Morgan. Jamie Havlik Morgan is hereby STRICKEN from Plaintiff's witness list. Plaintiff's Motion for Leave to File Supplemental and Second Supplemental Designation of Witnesses, Supplemental Exhibit List, and Amended Designation of Deposition Excerpts is **DENIED**.

SO ORDERED.

DATED: April 25, 2005.

_____

**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**